OPINION
Defendant Cristen L. Myers, Sr. appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which convicted and sentenced him for one count of attempted murder in violation of R.C. 2923.02, aggravated burglary in violation of R.C. 2911.11, felonious assault in violation of R.C. 2903.11, and violation of a civil protection order pursuant to R.C2919.27. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY ADMITTING INTO EVIDENCE AND CONSIDERING AS A SENTENCING FACTOR AN EX PARTE CIVIL PROTECTION ORDER WHICH HAD EXPIRED AS A MATTER OF LAW AT THE TIME OF THE ALLEGED OFFENSES WITH WHICH APPELLANT WAS CHARGED.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY ADMITTING INTO EVIDENCE THE STALKING EX PARTE CIVIL PROTECTION ORDER, THE EX PARTE ORDER TO VACATE MARITAL RESIDENCE, THE CIVIL RULE 75 RESTRAINING ORDER, AND THE EXPARTE JOURNAL ENTRY TEMPORARY PROTECTION ORDER FOR CONSIDERATION BY THE JURY.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES FOR THE CONVICTIONS OF FELONIOUS ASSAULT AND ATTEMPTED MURDER.
The record indicates that on July 27, 2000, appellant and Kimberly Myers were married but living separate and apart. Kimberly Myers had filed a divorce action against appellant, and had obtained an ex parte
civil protection order, because of alleged acts of domestic violence. Theex parte civil protection order stated it was effective until further order of the court. After a hearing on July 5, 2000, the magistrate took the matter under advisement, and issued a stalking full hearing civil protection order on August 7, 2000.
After the ex parte order, but before the stalking full hearing protection order was entered, appellant allegedly went to the marital residence, which he had been ordered to vacate, at approximately 3:00 a.m. Appellant entered the residence through a window after removing an air conditioner, and reaching in to unlatch the window. At the time he was wearing black gloves, a hat, shirt and pants in a camouflage pattern, and was equipped with a night vison scope and a portable scanner with an attached ear piece.
Appellant unplugged the telephone and went to the bedroom of Kimberly Myers, where she was asleep in bed with the parties' son, then age 7. Kimberly Myers testified she had her son sleep in her bed out of fear appellant would steal him away.
Kimberly Myers was sleeping on her stomach but woke up with appellant standing over her pinning her arms to her side. She testified he had one hand over her mouth and the other on the back of her head, and repeatedly with quick motions jerked her head from side to side. Kimberly Myers testified appellant was trying to break her neck. Eventually the parties ended up on the floor, where appellant put one hand on her forehead and the other arm behind her back or neck. At this point, appellant repeatedly jerked her head back over his arm.
When one of Kimberly's daughters entered the room and observed the parties, she ran to the neighboring home of her grandparents and called 911. Kimberly told her other daughter to run away but the child stayed with her. This daughter testified before he fled the scene appellant said to Kimberly Myers, "I am sorry I tried to kill you."
The State alleged Kimberly Myers suffered a neck injury, as well as scratches to her face and an injury to the inside of her lip.
 I
In his first assignment of error, appellant argues the ex parte civil protection order was invalid because it stated it was effective until further order of the court, rather than providing a date certain for its termination. Appellant cites R.C. 3113.31, which provides a civil protection order shall be valid until a date certain, not later than five years from its issuance.
Appellant argues the court should not have considered the ex parte
order as a sentencing factor. In the recent case of State v. Arnett
(2000), 88 Ohio St.3d 208, the Supreme Court held the trial court has discretion to determine the weight to assign a particular statutory factor in the sentencing. The sentencing judge must consider the factors of the seriousness of the offense and recidivism possibilities are part of the procedures outlined in the Revised Code, Arnett at 213. We find the trial court could consider the ex parte order and the events which led up to it.
Appellant also argues because the ex parte civil protection order was not valid, he could not be convicted of burglary, because an essential element of the aggravated burglary charge is trespass.
We find the ex parte civil protection order did not violate appellant's rights to due process. Although appellant characterizes it as an indefinite prohibition from communicating with his minor child, we find the court was not required to state an exact date for termination in the order itself, because it had scheduled the full hearing pursuant to statute. The trial court had the authority to issue an interim order until such time as it could craft an order pursuant to the full hearing. We find the order was valid.
The court entered an ex parte civil protection order to vacate the marital residence in the divorce case. The court found appellant had alternative housing available to him during the pendency of the divorce action, and ordered that Kimberly Myers be granted exclusive right to use and occupy the marital residence during the pendency of the divorce action. The divorce action was still pending at the time of the incident, and thus, the State established the element of trespass.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the court abused its discretion and committed plain error when it allowed the jury to consider the stalking ex parte civil protection order, the ex parte
order to vacate the marital residence, the restraining order, and the exparte temporary protection order.
Appellant concedes he did not object at trial, but urges us to nevertheless apply a plain error analysis. Pursuant to Crim R. 52 (B), this court may consider an error which was not called to the attention of the trial court only under exceptional circumstances and to prevent a miscarriage of justice. See also State v. Hill (2001), 92 Ohio St.3d 191.
The State points out the evidence was relevant to establish the element of trespass, see I, supra, and a necessary element of the offense of violating a protection order. A review of the State's Exhibit 30 and 31, the orders, demonstrates the factual statements contained therein were redacted, and the jury did not receive information adversely reflecting appellant's character.
The State urges even if the orders were not properly admitted, the error was harmless because of the overwhelming evidence contained in the record, namely that the appellant broke into the home in the early morning hours, dressed in camouflage, to disconnect the telephone and attack Kimberly Myers.
This court must examine the alleged plain error in light of all of the evidence properly admitted at trial, and determined whether the jury would have convicted the defendant even if the error had not occurred, see State v. Slagle (1992), 65 Ohio St.3d 597 at 605. We may reverse only if the outcome of the trial clearly would have been different absent the error, State v. Long (1978), 53 Ohio St.2d 91.
We find the trial court did not commit plain error in admitting these exhibits for consideration by the jury. Accordingly, the second assignment of error is overruled.
 III
In his third assignment of error, appellant urges the trial court abused its discretion in sentencing him to consecutive sentences for the conviction of felonious assault and attempted murder. Appellant urges the offenses of attempted murder and felonious assault are allied offenses of similar import, and as such, he should have been sentenced on only one.
In State v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court directed reviewing courts to analyze the statutorily defined elements of each offense and compare them in the abstract. After reviewing the elements in the abstract, not upon the particular facts of an individual case, if the statutory elements of the crime correspond to such a degree that the commission of one crime will result in the commission of the other, then the offenses are allied offenses of similar import. If the court finds they are, then the court must determine if the offenses were committed separately, or with separate animus.
R.C. 2903.02 defines murder as purposely causing the death of another. R.C. 2923.02 defines attempt as purposely or knowingly engaging in conduct, which, if successful, would constitute the offense. The elements of felonious assault are knowingly causing physical harm to another.
Appellant also argues felonious assault is a lesser included offense of attempted murder. In State v. Deem (1988), 40 Ohio St.3d 205, the Supreme Court set forth a test to be employed in determining what is a lesser included offense. The court found an offense may be a lesser included offense of another if the offense carries a lesser penalty than the other; if the greater offense cannot, as statutorily defined, if ever be committed without the lesser offense as statutorily defined, also being committed; and if some element of the greater offense is not required to prove the commission of the lesser offense.
Appellant argues if he in fact attempted to cause the death of Kimberly Myers, then obviously he was attempting to cause serious physical harm. The State replies in the abstract, someone can engage in conduct so as to knowingly cause serious physical harm without attempting to kill that person. Likewise, someone could attempt to cause another person's death, but be unsuccessful, thereby not causing serious physical harm to the person.
We find the elements of attempted murder and felonious assault do not meet the requirements of Rance, supra, and so for this reason, the offenses are not allied offenses of similar import. Likewise, we find felonious assault is not a lesser included offense of attempted murder.
It follows the court did not commit error by sentencing on both convictions. Accordingly, the third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Hon. Julie A. Edwards, P.J., Hon. W. Scott Gwin, J., Hon. John F. Boggins, J., concur.